UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE LUIS OCAMPO, individually and on behalf of all others similarly situated,  )  )  )  PLAINTIFF, ) )  v.   ) )  UNITED COLLECTION BUREAU, INC.,  ) )  DEFENDANT.  ) | Case No. 16-cv-09401  Jury Demanded. |

## CLASS COMPLAINT

Plaintiff, Jose Luis Ocampo, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide complete and truthful information in connection with its attempt to collect an alleged debt from Plaintiff. *Bellwood v. Dwivedi*, 895 F.2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from

misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

5. Plaintiff, Jose Luis Ocampo ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Chase Bank USA, N.A. consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, United Collection Bureau, Inc. ("UCB"), is an Ohio corporation with its principal place of business at 9078 State Road 84, Fort Lauderdale, Florida 33324. It does or transacts business in Illinois. Its registered agent Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. (Exhibit A, Record from Illinois Secretary of State).

7. Defendant UCB is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Defendant UCB holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. Defendant UCB regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

10. According to Defendant, Plaintiff incurred a debt for goods and services used for personal purposes, originally for a Chase Bank USA, N.A. consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

11. Due to his financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

12. UCB purportedly purchased or was otherwise assigned the alleged debt for collection sometime thereafter.

13. On or about September 7, 2016, UCB mailed a collection letter ("Letter") directly to Plaintiff regarding the alleged debt. (Exhibit C, Collection Letter).

14. The Letter conveyed various information regarding the account, including a reference number, the original creditor, and a current account balance.

15. Thus, the Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

16. The Letter states that the "full balance is due."

17. The Letter also offers Plaintiff various settlement offers, encouraging him to pay the alleged debt.

18. The back of the Letter stated in part:

> **If the subject debt of this letter is time-barred, paying any amount on the account may revive the obligation to pay.**

19. The alleged debt is not time-barred.

20. UCB states that a payment may revive the obligation to pay, but as the alleged deb is not time-barred, it is an active debt.

21. UCB's settlement offers encourage payment, while its conditional statement discourages payment at the same time.

22. Plaintiff did not know, and the unsophisticated consumer would not know, whether the alleged debt was time-barred, or whether or not he should pay it.

23. UCB's inclusion of the statement had the perverse effect of both instructing Plaintiff to pay an alleged debt, and warning him not to pay it.

24. Plaintiff, and the unsophisticated consumer, would be confused by the inconsistent statements.

25. Plaintiff provides an 800 number for consumers to make payment arrangements or to ask questions about their account.

26. But Plaintiff did not want to call in and speak with a debt collector.

27. He should not have had to either, as it is notorious that trying to get through to an 800 number is often a vexing and protracted undertaking, and requiring consumers to call for basic information regarding a debt is an invitation to just the sort of coercive tactics in debt collection the FDCPA is designed to prevent. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F. 3d 872, 875 (7th Cir. 2000).

28. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> **(A) the character, amount, or legal status of any debt. . . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

29. UCB made deceptive and misleading representations, in violation of 15 U.S.C. §§1692e, 1692e(2)(A) and 1692e(10), when it communicated to Plaintiff that the alleged debt

may be time-barred and that payment could revive the obligation to pay, when in fact, the alleged debt was not time-barred and was active.

30. Defendant is in effect making the consumer call in, and speak to a debt collector, in order to find out whether the debt is time-barred and whether a payment would revive the debt, no doubt to engage in another attempt to collect the alleged debt.

31. Defendant could have avoided any confusion by simply leaving out any reference to time-barred debt.

32. Conditional language (e.g. "if the debt is time-barred"), particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability. *Gonzales v. Arrow Fin. Servs., LLC,* 660 F. 3d 1055 (9th Cir. 2011) (Cited by *Lox v. CDA, Ltd.*, 689 F. 3d 818 (7th Cir. 2012).

33. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material. *See Lox v. CDA*, 689 F. 3d 818, at 827. Here, Defendant's statement has the effect of discouraging Plaintiff from taking advantage of the any settlement offers made in the letter, or from making any payment at all, which could lead to further action by UCB's client (e.g. a lawsuit).

34. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff re-alleges above paragraphs as if set forth fully in this count

36. UCB made deceptive and misleading representations, in violation of 15 U.S.C. §§1692e, 1692e(2)(A) and 1692e(10), when it communicated to Plaintiff that the alleged debt may be time-barred and that payment could revive the obligation to pay, when in fact, the alleged debt was not time-barred and was active.

37. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages and reasonable attorney fees.

## CLASS ALLEGATIONS

38. Plaintiff, Jose Luis Ocampo, brings this action individually and as a class action on behalf of (1) all persons with addresses in the State of Illinois (2) from whom Defendant attempted to collect a delinquent debt (3) which went into default less than 5 years from the filing of Plaintiff's complaint (4) upon which Defendant sent a letter substantially similar to that of Exhibit C (5) which states that if the subject debt of this letter is time-barred, paying any amount on the account may revive the obligation to pay.

39. The Class consists of more than 35 persons from whom Defendant attempted to collect a debt using the Form Letter attached as Exhibit C.

40. Plaintiff Ocampo's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class

would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.

42. Plaintiff Ocampo will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Ocampo has retained counsel experienced in class action litigation including class actions brought under the FDCPA.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

  A. Statutory damages on behalf of all class members pursuant to 15 U.S.C. § 1692k(a)(2);

  B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  C. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com